IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGINALD JOHNSON, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0334-WS-M |
| | ) |
| RANDALL CHAMPIONS, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

    Certain defendants have filed an answer.  (Doc. 32).  The plaintiffs have now filed "plaintiffs response to defendants answers to the amended complaint."  (Doc. 33).

    The Federal Rules of Civil Procedure provide that "[o]nly these pleadings are allowed:  (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."  Fed. R. Civ. P. 7(a).  The defendants' answer did not include a counterclaim, and the Court has not ordered a reply to the answer.

    "Absent a counterclaim denominated as such, a reply to an answer ordinarily is unnecessary and improper in federal practice."  5 Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1185 at 27 (3rd ed. 2004).  "A substantial reason must be given or necessity must be demonstrated by the movant to justify the court ordering a reply to an answer." *Id*. at 31.  "This standard has proven difficult to satisfy …." *Id*.  Efforts by the plaintiff, rather than the defendant, to justify a reply to an answer are especially suspect, because "the reply in the former context is much more likely to be self-serving and not based on

any legitimate need than in the latter context." *Id*. at 34.  The plaintiffs' filing falls squarely within this description.

For the reasons set forth above, the plaintiffs' response to the defendants' answer is **stricken**.

DONE and ORDERED this 19th day of December, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE