IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGINALD JOHNSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0334-WS-M |
| | ) |
| RANDALL CHAMPIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

The plaintiffs have filed an application for entry of default against defendants Maurice K. Harless and MKH Properties, LLC ("MKH"). (Doc. 41). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," it is subject to entry of default. Fed. R. Civ. P. 55(a). But a defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint." *Id*. Rule 12(a)(1)(A)(i); *accord Securities and Exchange Commission v. Wright*, 261 Fed. Appx. 259, 261 (11th Cir. 2008). Thus, "[b]efore a default can be entered, … the party must have been effectively served with process." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 at 14 (3rd ed. 1998). And when service of process is at issue, "it [i]s proper for the court rather than the clerk to consider [the plaintiff's] request" for entry of default. *Sandoval v. Bluegrass Regional Mental Health – Mental Retardation Board*, 2000 WL 1257040 at *5 (6th Cir. 2000).

Service of process on individuals is governed by Federal Rule of Civil Procedure 4(e), which requires "delivering" process to the defendant personally or to his authorized agent, or leaving a copy of process at the defendant's home with

certain specified persons.  Fed. R. Civ. P. 4(e)(2).  In the alternative, service can be perfected by complying with Alabama service rules.  *Id*. 4(e)(1).

The plaintiffs attempted service on Harless by certified mail.  Under the federal rules, the "textual difference between mailing and delivering should be strictly respected …."  *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991); *accord Dyer v. Wal-Mart Stores, Inc*., 318 Fed. Appx. 843, 844 (11th Cir. 2009) ("The term 'delivering' appears to refer to personal service.").  Other Circuits have routinely concluded that mailing or certified mailing does not constitute "delivery" for purposes of service of process.[1]  The plaintiffs thus have not perfected service on Harless in accordance with Rule 4(e)(2).  The question becomes whether they have perfected service in accordance with Alabama law as permitted by Rule 4(e)(1).

Alabama provides for service on individuals either by serving the individual, leaving a copy of process at the individual's home with a suitable person, or by delivery to an agent authorized to receive process on behalf of the individual.  Ala. R. Civ. P. 4(c)(1).  Unlike federal law, Alabama law allows service by certified mail.  *Id*. 4(i)(2).  Service by this method is not effective until delivery of the certified mailing "to the named addressee or the addressee's agent as evidenced by signature on the return receipt," and "'agent' means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee."  *Id*. 4(i)(2)(C).

The certified mailing was directed to Harless "c/o Lyon Properties" but was not signed for by Harless.  (Doc. 27).  Instead, the certified mail receipt bears a signature appearing to read, "Susan C. Lyon."  Nothing in the file indicates Lyon's relationship to Harless or his authorization of Lyons to receive his mail and deliver

---

[1] *E.g., Gilliam v. County of Tarrant*, 94 Fed. Appx. 230, 230 (5th Cir. 2004); *Larsen v. Mayo Medical Center*, 218 F.3d 863, 868 (8th Cir. 2000); *Husner v. City of Buffalo*, 1999 WL 48776 (2nd Cir. 1999); *Gabriel v. United States*, 30 F.3d 75, 77 (7th Cir. 1994); *Puet v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990); *accord* 1 James Wm. Moore, et al., Moore's Federal Practice § 4.53[2] (3rd ed. 2007).

it to him.  *See McDermott v. Tabb*, 32 So. 3d 1, 4 (Ala. 2009) (the certified mail receipt, of itself, does not establish that the person signing for process was the defendant's agent for purposes of Rule 4(i)(2)(C)).  Accordingly, the plaintiffs have failed to demonstrate proper service of process on Harless under Rule 4(e)(1).

MKH is an artificial entity, and the plaintiffs attempted service on MKH by certified mail.  Service of process on a corporation, partnership or association may be made in accordance with Rule 4(h) or by following Alabama law.  Fed. R. Civ. P. 4(h)(1).  The only recognized means of serving an artificial entity under federal law is "by delivering a copy of the summons and of the complaint to" specified individuals.  *Id*. 4(h)(1)(B).  As noted, "delivery" cannot be accomplished by certified mail.  Thus, service was not good under that rule, and the plaintiffs must resort to service compliant with state law under Rule 4(h)(1)(A).

Under Alabama law, an artificial entity may be served "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6).  Service on an artificial entity may be made by certified mail, but "the addressee shall be a person described in the appropriate subdivision."  *Id*. 4(i)(2)(B)(i), (ii).  That is, the mailing must be addressed, not simply to the artificial entity, but to a human being affiliated with the entity as an officer, partner or agent as described in Rule 4(c)(6).  And, as noted previously, service is not complete until the mailing is delivered to the human addressee or to his agent for purposes of receipt and delivery of mail.  *Id*. 4(i)(2)(C).[2]

Process was mailed to "Maurice Kirk Harless – MKH Properties, C/O Lyon Properties."  (Doc. 28).  Again, Harless did not sign the certified mail receipt; instead, one "M. Buckley" did so.  And again, nothing in the file indicates

---

[2] An agent for receipt and delivery of mail can be a "person or entity."  Ala. R. Civ. P. 4(i)(2)(C).  The addressee, however, must be a "person," *id*. Rule 4(i)(2)(B)(iii), which rules out artificial entities as acceptable addressees.

3

Buckley's relationship to Harless or his authorization of Buckley to receive his mail and deliver it to him.  Moreover, the plaintiffs have not established that Harless bears the necessary relation to MKH.  The plaintiffs have thus failed to establish proper service of process on MKH under Rule 4(h)(1)(A).

For the reasons set forth above, the plaintiffs' application for entry of default, construed as a motion for such relief, is **denied**.  The plaintiffs' motion for default judgment, (Doc. 43), is likewise **denied**.

DONE and ORDERED this 24th day of January, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE