IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGINALD JOHNSON, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0334-WS-M |
| | ) |
| RANDALL CHAMPIONS, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

This matter is before the Court on the motion to dismiss filed by certain defendants. (Doc. 25). The parties have filed briefs in support of their respective positions, (Docs. 26, 40), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted.

**A. Fictitious Defendants.**

Among the defendants listed in the style of the amended complaint are "City of Satsuma Officials – names unknown" and "City of Satsuma Roads/Zoning Employees, names unknown." (Doc. 17 at 1).

As the movants point out, (Doc. 26 at 7), "[a]s a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). There is a "limited exception" to this rule "when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." *Id*. (internal quotes omitted). Simply identifying a defendant as "John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute" does not implicate this exception, because it is "insufficient to identify the defendant among the many guards employed at CCI." *Id*. Dismissal of a purported claim against such an inadequately identified defendant is proper. *Id*.

The amended complaint does not provide any detail concerning who these unknown individuals are or even what positions they held, certainly not enough to render their names mere surplusage.  Accordingly, all claims against these fictitious defendants will be dismissed.

### B.  Satsuma Police Department.

Although the amended complaint names the Satsuma Police Department ("the Department") as a defendant, the Department is not mentioned in either the statement of facts or in the identification of defendants under the various counts.  Randall Champions is the only defendant under Count One.  As to the other five counts, the defendants are identified as "the City of Satsuma and its officials (unknown individuals), in concert with Mr. Maurice Kirk Harless and MKH Properties in their official and individual capacities."  (Doc. 17 at 9-12).

The amended complaint's only allegations concerning the police are assertions that, while the plaintiffs were attending federal court, they were escorted to a holding cell pending arrival of a Department police officer (defendant Champions), who handcuffed them and drove them to the Satsuma city jail, where they were booked on charges of second degree criminal mischief.  (Doc. 17 at 6-7).

The Department argues that the amended complaint fails to state a claim against it, for failure to make allegations concerning each element of any asserted cause of action.  (Doc. 26 at 6).  Since the amended complaint does not identify the Department as a defendant under any of the counts contained therein, it certainly fails to state a claim against the Department.[1]  The plaintiffs offer no effective response.  Accordingly, the Department is due to be dismissed.

For the reasons set forth above, the motion to dismiss is **granted**.  Defendants "City of Satsuma Officials" and "City of Satsuma Roads/Zoning

---

[1] Other deficiencies in the plaintiffs' pleading are apparent, but this one is dispositive.

Employees" are **dismissed**, without prejudice to the plaintiffs' ability to seek leave to file a timely second amended complaint asserting claims against additional named defendants.  The Satsuma Police Department is **dismissed**, without prejudice to the plaintiffs' ability to seek leave to file a timely second amended complaint properly stating a claim against the Department.[2]

DONE and ORDERED this 5th day of February, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Before dismissal with prejudice of a defendant for failure to state a claim, a pro se plaintiff must be given an opportunity to amend the complaint if a more carefully drafted version might state a claim.  *E.g., Lee v. Alachua County*, 461 Fed. Appx. 859, 860 (11th Cir. 2012); *Schmitt v. United States Office of Personnel Management*, 403 Fed. Appx. 460, 462 (11th Cir. 2010).