IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| REGINALD JOHNSON, et al., | ) |
|---|---|
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION 12-0334-WS-M |
| RANDALL CHAMPIONS, et al., | ) |
| Defendants. | ) |

ORDER

The plaintiffs have filed a motion for leave to file an amended complaint. (Doc. 122). The purpose of the proposed amendment is to add claims of fraud and conspiracy.

The deadline for filing motions for leave to amend the pleadings, established by the Rule 16(b) scheduling order, expired on March 8, 2013. (Doc. 39 at 2). Such a schedule "may be modified only for good cause." Fed. R. Civ. P. 16(b); *accord Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1418 (11th Cir. 1998). "This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Id*. at 1418 (quoting Fed. R. Civ. P. 16 advisory committee notes). The plaintiffs do not acknowledge Rule 16(b)(4), but they are nonetheless bound by it.

As this Court has noted, the diligence required by the rule includes diligence in discovering the information on which a proposed new claim or defense is based. *Jackson v. Winn-Dixie, Inc*., 2008 WL 4183399 (S.D. Ala. 2008). The plaintiffs' proposed new claim is based on information from documents recorded in Mobile County Probate Court and with the West Virginia Secretary of State. (Doc. 123 at 1). That is, the plaintiffs rely on public records to which they have at all times had access. The plaintiffs filed this action in May

2012 and so had almost ten months in which to discover this information and seek amendment before the March 2013 deadline passed. That they failed to do so cannot be attributed to anything other than lack of diligence in seeking the information. Their lack of diligence is underscored by the eight additional months after expiration of the deadline that passed before they sought amendment.

The plaintiffs' lack of diligence is even more obvious when viewed in the context of their lengthy history of litigating in this District the ownership of the realty at issue in this action. *See Johnson v. Wood*, Civil Action No. 05-0391-KD-B; *Johnson v. City of Satsuma*, Civil Action No. 04-0445-CG-M; *Johnson v. Mobile County*, Civil Action No. 99-0574-CB-M. Their similar efforts in state court are catalogued in *Johnson*, Doc. 211. In short, the plaintiffs have had well over a decade of litigation in which to discover the information on which they now rely, and their failure to take advantage of this extraordinarily long period epitomizes an absence of diligence.

For the reasons set forth above, the plaintiffs' motion for leave to file an amended complaint is **denied.**

DONE and ORDERED this 5th day of November, 2013.

s/WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE