IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGINALD JOHNSON, *et al.*, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 12-0334-WS-M |
| ) | |
| RANDALL CHAMPIONS, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**ORDER**

    This matter comes before the Court on a series of supplemental filings (docs. 157, 158 & 159) by the parties concerning the specific sanctions that should be imposed pursuant to defendants' Motions for Sanctions (docs. 149 & 150).

    On March 13, 2014, the undersigned entered an Order (doc. 156) granting both Motions for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and the inherent powers of this Court. The March 13 Order required movants, M.K. Harless and MKH Properties, LLC, to supplement their filings with necessary detail concerning the form of the "prospective restrictions" contemplated and the amount of the monetary sanctions desired (with appropriate backup and supporting documentation). Movants did so, via an extensive Response (doc. 157) filed on March 28, 2014, laying out their case for specific injunctive relief and documenting the $72,477.61 in attorney's fees and costs that they seek to be imposed against plaintiffs as a monetary sanction. With respect to the March 13 Order's stated concern that binding precedent requires sanction orders to consider ability to pay, movants point to record evidence that both Reginald Johnson and Shirley Johnson-Young appear to have long-term employment in an education setting, that each of them owns a home with an appraised value in excess of $100,000, and that they own a parcel of property adjacent to Gilbert Creek Estates with an appraised value of $61,300. On that basis, movants assert that "the requested sanction would not impose financial ruin on the Johnsons." (Doc. 157, at 11.)

In a Response (doc. 158) filed by and through counsel on April 11, 2014, Johnson and Johnson-Young state that they "do not object to a pre-clearance of future actions filed by them against Defendants" in this District Court, and further state that they "do not dispute the reasonableness of the attorney fees and legal fees asserted by Defendants' counsel." (Doc. 158, at 1.) The sticking point, however, lies in plaintiffs' conclusory assertion (disconnected from any evidentiary showing whatsoever) that requiring plaintiffs to pay the MKH/Harless legal fees as a sanction in this case "will be financially devastating, leaving Plaintiffs destitute." (*Id.*) Plaintiffs propose that "post-litigation interrogatories" be ordered to enable the parties to get to the bottom of the ability-to-pay issue once and for all. For their part, however, MKH and Harless object to being "put to the burden and expense of conducting discovery" to combat what is at this time nothing more than plaintiffs' counsel's *ipse dixit* concerning ability to pay. (Doc. 159, at 1.)

This litigation and its predecessors (as extensively documented in the undersigned's previous Orders) have undoubtedly been an expensive, exhausting ordeal for all concerned. The Court has no intention of prolonging the misery and ratcheting up the cost unnecessarily, in the context of adjudicating the lingering sanctions issue. *See generally Kahane v. UNUM Life Ins. Co. of America*, 563 F.3d 1210, 1216 (11th Cir. 2009) ("[a] request for attorney's fees should not result in a second major litigation") (citation omitted); *Lee v. Krystal Co.*, 918 F. Supp.2d 1261, 1264 n.3 (S.D. Ala. 2013) (observing "well-worn admonition that a request for attorney's fees should not result in a second major litigation") (citations and internal marks omitted). Plaintiffs' proposal for "post-litigation interrogatories" is not well-taken. After all, MKH and Harless have come forward with substantial record evidence tending to suggest that Johnson and Johnson-Young are not destitute, such that the requested monetary sanction constitutes "a sum that the person might actually pay." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002). If Johnson and Johnson-Young wish to rebut that showing, it is incumbent on them to come forward with evidence – not mere conclusory remarks by their lawyer – tending to demonstrate their purported inability to pay a monetary sanction and the alleged debilitating consequences that any such sanction would visit upon them. The Court will not order MKH and Harless to submit interrogatories; rather, the necessary financial information should be readily available to Johnson and Johnson-Young without the need for discovery from MKH and Harless. Accordingly, Johnson and Johnson-Young are **ordered**, on or before **May 2, 2014**, to submit a

detailed written evidentiary submission substantiating their contention that any monetary sanction would be "financially devastating" and leave them "destitute."[1] To the extent that plaintiffs wish to be heard any further on the specific non-monetary sanctions proposed in MKH/Harless's filing of March 28, 2014, their written submission must address that issue in detail as well.

Should plaintiffs not respond in a timely manner, the Court will take the sanctions issue under submission promptly after May 2, 2014. In the event that plaintiffs do respond with a timely filed evidentiary submission, MKH and Harless will be allowed until **May 9, 2014** to submit a response, at which time the sanctions issue will be taken under submission.

DONE and ORDERED this 18th day of April, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court leaves the precise details and form of the evidentiary submission to the discretion of plaintiffs' counsel; however, a few caveats are in order. Plaintiffs' submission must be specific as to their assets, income and liabilities. Any representations by Johnson and Johnson-Young should be presented in the form of a duly executed affidavit or declaration, and should be supported by appropriate back-up documentation. Importantly, plaintiffs are cautioned that the Court does not intend to engage in multiple iterations of this exercise. If there is any information they want the Court to have that bears on their ability to pay, the time to submit it is now. They should not assume that there will be any future opportunity to come forward with additional, available documentation or information bearing on plaintiffs' ability to pay the monetary sanctions requested by MKH and Harless. Finally, to the extent that Johnson and Johnson-Young are concerned about filing sensitive financial documentation and records in the public court file, they are hereby authorized to file their evidentiary submission under seal.